## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**NANCY S. HAWORTH**                                                                                               **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:07CV-643-H**

**FARNAM COMPANIES, INC.**                                                             **DEFENDANT**

### MEMORANDUM OPINION

Alleging negligence, Plaintiff, who lives in Louisville, Kentucky, brings her action against Farnam Companies, Inc., located in Phoenix, Arizona. She reports that in October 2007, she treated her two dogs and her Russian Blue cat with one of Defendant's products – Adams Flea & Tick Control for Dogs[1] – and that Defendant's product adversely affected her cat resulting in its being euthanized. On October 10, 2007, Plaintiff faxed a letter to Defendant seeking reimbursement for its negligence. On October 16, 2007, Plaintiff received a letter from Defendant denying any negligence and refusing to pay for any reimbursement. On October 22, 2007, she sent a second letter to Defendant asking it to reconsider its decision, and on October 25, 2007, Defendant once again denied responsibility for any negligence because of its product.

As relief, Plaintiff seeks reimbursement for veterinary bills in the amount of $351.50; reimbursement for the cost of her cat in the amount of $525.00; reimbursement for the loss of her family pet for the next nine years in the amount of $9,000.00 ($1,000.00 per year for the next nine years); and reimbursement for all expenses related to the accident (travel, mileage, paperwork, etc.) in the amount of $100.00. Plaintiff, therefore, seeks total damages in the amount of $9,976.50.

---

[1] In an affidavit attached to the complaint, Plaintiff avers that she treated her dogs and cat with the product identified in Exhibit A, which is the Adams Flea & Tick Control for Dogs. Plaintiff also attached a letter she sent to Defendant, wherein she claims that she put the dog product on the dogs and the cat product on the cat.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), because without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Plaintiff fails to state the jurisdictional basis for bringing this action. Because Plaintiff is claiming negligence and advises that she is located in Kentucky and Defendant is located in Arizona, however, the Court presumes she is asserting jurisdiction under 28 U.S.C. § 1332, the federal diversity statute. Under § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Although the parties are diverse in citizenship, Plaintiff has not alleged damages in excess of $75,000.00.

Accordingly, the instant action will be dismissed, by separate Order, for lack of subject matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
4412.005

2